UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FREDDIE SMITH, ET AL. | CIVIL ACTION NO. 03-2076 |
| versus | JUDGE WALTER |
| MICHAEL FIFTHIAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the court is a **Motion to Compel Production of Documents from a Non-Party (Doc. 137)** filed by Ladd Trucking, Inc., Vernon L. Cannon and Jordan Arnold, Jr. ("the South Carolina Defendants"). The motion seeks production of the statements of Robert Cobb and Ray Culp. The statements were taken by Jay Gallagher, an employee of Huey T. Littleton Claims Service, Inc., at the request of Insurance Corporation of Hannover (or its third party administrator, Berkley Risk Services) on behalf of its insured, Ray Culp d/b/a Excel Unlimited (collectively, "Respondents"). Respondents produced the statements of some witnesses, but they have refused to produce the statements of Cobb and Culp. Respondents are not parties to this lawsuit, although they are parties in a related state court action.

The work product immunity, as set forth in Federal Rule of Civil Procedure 26(b)(3), does not protect documents prepared by or for a non-party. Federal courts have repeatedly held that a non-party witness may not invoke work product protection to preclude production of materials prepared by or for that witness, even if created in contemplation of the witness's

own pending or anticipated litigation. See, e.g., Ramsey v. NYP Holding, Inc., 2002 U. S. Dist. Lexis 11728 (S. D. N.Y. June 27, 2002); Hunter v. Heffernan, 1996 U.S. Dist. Lexis 9244 (E. D. PA. July 1, 1996). In Wight, Miller & Marcus, Federal Practice and Procedure, § 2024 at p. 354, the authors state: "Documents prepared for one who is not a party to the present suit are wholly unprotected by Rule 26(b)(3) even though the person may be a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the present suit."

Neither Ray Culp nor his insurance company, Hannover, is a party to the instant action. Therefore, the statements obtained for them by Mr. Gallagher fall outside the scope of Rule 26(b)(3)'s work product immunity.

Even if the work product immunity were available to Respondents, the court would nevertheless overrule the objection and require production of the statements. On this point, the court is guided by Judge Rubin's analysis in Hamilton v. Canal Barge Co., Inc., 395 F.Supp. 975 (E. D. La. 1974). Judge Rubin overruled a work product objection to the production of witness statements in light of the requesting party's substantial need for the statements and his inability to obtain the substantial equivalent of those materials by any other means.

As in Hamilton, the statements taken from Cobb and Culp were taken shortly after the accident and gave Respondents the advantage of a fresh and contemporaneous account of the accident. The witnesses were not available to the South Carolina Defendants until a

substantial time later. Furthermore, Mr. Cobb has apparently given inconsistent accounts of the accident. All of these factors highlight the need for the South Carolina Defendants to obtain access to the post-accident statements of Cobb and Culp.

After considering all of the arguments submitted by the South Carolina Defendants and Respondents in their briefs (Docs. 137, 146 and 150), the court finds that the South Carolina Defendants have satisfied their burden of showing both undue hardship and substantial need for the statements. Accordingly, the Motion to Compel is **granted. Respondents are ordered to produce the statements of Cobb and Culp within ten days of the entry of this order.** The clerk is **directed** to send a copy of this order to counsel for Respondents at the address shown on Doc. 146.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 2nd day of March, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE