RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE ___7_,_26_,_06___
BY ___DM___

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FREDDIE SMITH, ET AL. | CIVIL ACTION NO. 03-2076 |
| VERSUS | JUDGE DONALD E. WALTER |
| MICHAEL J. FIFTHIAN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion in Limine filed on behalf of defendants, Michael J. Fifthian, Interstate Express, Inc., Keith Schonherr and Carolina Casualty Insurance Company (the "Fifthian defendants"), and adopted in part by defendants, Ladd Trucking, Inc., Jordan Arnold, Jr. and Vernon L. Cannon (the "Ladd defendants") [Doc. #174], wherein defendants challenge the admission of evidence regarding the theories of plaintiff's experts, John C. Glennon, Sr. and John C. Glennon, Jr., that the accident at issue was caused by the "moth effect" or phototaxis [Doc. #172, Section A[1]]. Defendants filed briefs in support of their Daubert challenge [Doc. #s 199, 202 & 209], and plaintiffs filed briefs in opposition [Doc. #s 208 & 210]. For the reasons assigned herein, defendants' Motions in Limine [Doc. #s 172 & 174] are **GRANTED IN PART** to the extent that plaintiffs' experts, the Glennons, will not be allowed to testify only in so far as the plaintiffs' case-in-chief is concerned.

---

[1] In the Motion in Limine wherein defendants raise the Daubert issue as to plaintiffs' experts, defendants also challenge evidence regarding the alleged "lack of conspicuity" as a cause of the accident at issue [Doc. #172, Section B]. The "lack of conspicuity" theory is just that, a theory. Thus, evidence of this theory as a cause of the accident is not admissible, as discussed herein.

## *DAUBERT* STANDARD

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 which provides:

> If scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Under the Federal Rules of Evidence, this Court must ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 2795, 125 L.Ed.2d 469 (1993). This "gatekeeping" function applies to all expert testimony, be it scientific, technical, or otherwise specialized knowledge. Kumho Tire Company, Ltd. v. Carmichael, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 143 L.Ed.2d 238 (1999).

As has been well established, Rule 702 has three major requirements: (1) Qualifications - a witness proffered to testify to specialized knowledge must be an expert; (2) Reliability - the expert must testify to scientific, technical, or otherwise specialized knowledge that will assist the trier of fact; and (3) Relevance - the expert's opinion must assist the trier of fact, i.e., there must be a connection between the scientific, technical, or specialized research or results to be presented and the particular factual issues in the case. In re Paoli Railroad Litigation (Paoli II), 35 F.3d 717 (3rd Cir. 1994).

In their initial report, John C. Glennon, Sr. and John C. Glennon, Jr. (the "Glennons") explain

the distraction phenomenon known as phototaxis or the "moth effect" as one that occurs when a driver fixates on a light source that is either something on the shoulder or the headlights of an approaching vehicle. According to the Glennons' report, "this phenomenon causes trucks parked on the shoulder to be 'targets'" which is why "lights alone on a parked truck are not sufficient to prevent it from being hit and a positive guidance system is needed." Plaintiffs' Mem. in Opp. to Daubert Challenge, Exh. 2, Glennons' Initial Expert Report, p. 4. In their supplemental report, the Glennons list phototaxis as one of the reasons for Freddie Smith ("Smith") steering onto the shoulder and colliding with the Fifthian rig. The Glennons' supplemental report reads as follows: "No argument can be made for phototaxis as the sole cause of the collision, only as one probable contributor that should be considered in the realm of all causes." Plaintiffs' Mem. in Opp. to Daubert Challenge, Exh. 1, Glennons' Supp. Expert Report, p. 9.

Defendants assert that evidence regarding phototaxis is irrelevant and unreliable. This Court agrees and goes beyond those issues addressed by defendants' brief since this Court's reasoning, as explained below, applies across the board to the theories proposed by the Glennons to explain why Smith collided with the Fifthian rig on the side of I-20. Under Daubert, supra, an expert's opinion must be based on the "methods and procedures of science" rather than on "subjective belief or unsupported speculation"; the expert must have "good grounds" for his or her belief. Daubert, 509 U.S. at 590, 113 S.Ct. at 2795.

Many factors bear on the inquiry into the reliability of scientific and other expert testimony, including, but not limited to, whether the expert's theory or technique: (1) can be or has been tested; (2) has been subjected to peer review and publications; (3) has a known or potential rate of error or standards controlling its operation; and (4) is generally accepted in the relevant scientific community.

Id. at 593-94, 113 S.Ct. 2786. This Court's responsibility "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho, 526 U.S. at 152, 119 S.Ct. 1167.

The evidence before this Court shows that the Glennons do not know what caused the accident to occur. The evidence also shows that Freddie Smith does not know what happened immediately prior to the accident that caused his rig to collide with the Fifthian rig. In their report, the Glennons merely offer suggestions as to what could have occurred. Theories offered to explain the unexplainable do not constitute "good grounds" upon which an expert may base his opinion. A jury panel is just as capable (after argument of counsel) of contriving explanations for the accident based on the evidence before it and their collective experience.

## CONCLUSION

For the reasons stated above, defendants' motions are **GRANTED IN PART** to the extent that plaintiffs' experts, the Glennons, will not be allowed to testify only in so far as the plaintiffs' case-in-chief is concerned.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE